■ DALE WHITAKER, Respondent, v MERLE WHITAKER, Appellant.—In an action for divorce and ancillary relief, the defendant appeals from so much of a judgment of the Supreme Court, Orange County (Patsalos, J.), entered February 13, 1987, as incorporated the provisions of a prior order of the same court, dated May 1, 1986, which directed her to pay the sum of $75 per week as child support for her two children and to maintain a life insurance policy in the amount of $35,000 naming her children as beneficiaries.

Ordered, that the judgment is modified, as a matter of discretion, by reducing the defendant's child support obligation to $35 per week; as so modified, the judgment affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order is amended accordingly.

In this action for divorce, the parties entered into a separation agreement dated April 15, 1986, pursuant to which various issues concerning the distribution of marital property were resolved. The parties also agreed that the plaintiff husband would have custody of the two children of the marriage. However, the parties were unable to agree as to the amount of child support to be paid by the defendant and they accordingly stipulated that this issue would be decided by the Supreme Court based on their respective statements of net worth. The court, after consideration of these documents, ordered the defendant to pay the sum of $75 per week as child support for the two children. This appeal followed.

The evidence in the record, which, as a result of the parties' stipulation, is basically confined to the statements of net worth and the separation agreement, indicates that the plaintiff's gross salary is approximately twice that of the defendant. However, the defendant's $300-per-month child support obligation appears to represent at least half of the expenses which, based on the descriptions contained in the husband's net worth statement, may be attributable to the cost of supporting the children. Considering this, as well as all the other circumstances revealed in the record, we conclude that the amount

of child support ordered by the Supreme Court was excessive to the extent indicated.

We see no reason to modify the provision relating to life insurance. Mangano, J. P., Bracken, Weinstein and Balletta, JJ., concur.